UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:10CV305MLM |
| KRYSTAL KOACH, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss and Motion to Transfer Action filed by Defendant Krystal Koach, Inc., ("Defendant"). Doc. 7. Plaintiff Textron Financial Corporation ("Plaintiff") has filed a Response. Doc. 13. Defendant has filed a Reply. Doc. 17. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 10.

## BACKGROUND

Plaintiff alleges that it is a corporation incorporated under the laws of Delaware; that it has its principal place of business in Rhode Island; that it is licensed to do business in Missouri; that it is a commercial lender; that Defendant is incorporated under the laws of California; that Defendant's principal place of business is in California; that Defendant is a manufacturer of Krystal Koach products, which products it sells to dealers; that Plaintiff, as a commercial lender, provided financing to dealers of Defendant's products; that on February 4, 2008, the parties entered into a Repurchase Agreement, whereby Plaintiff agreed to finance the acquisition of inventory from Defendant by Defendant's dealers for retail sale; that the parties executed and administered the financing of Defendant's products pursuant to the Repurchase Agreement at Plaintiff's office in St. Louis,

Missouri; that performance of the Repurchase Agreement was anticipated in Missouri; that Defendant sent invoices requesting financing to Plaintiff's office in St. Louis; that the Repurchase Agreement provided that if Plaintiff came into possession of inventory it financed for a Krystal Koach Dealer within twelve months following the date of the invoice (the "Repurchase Period"), Plaintiff would notify Defendant and Defendant would repurchase the products within fourteen days; that, on March 9, 2009, Plaintiff requested that Defendant extend its repurchase obligation for certain inventory at Adventures on Wheels, Inc., d/b/a Southwest Coaches/Irvine, CA ("Southwest Coaches") through June 30, 2009; that, after receiving no response from Defendant, Plaintiff sent a letter on March 11, 2009, requesting repurchase of two unsold Krystal Koach units financed for Southwest Coaches (the "Repurchase Request"); that following Plaintiff's April 3, 2009 letter, both of the units for which Plaintiff requested repurchase were sold leaving a deficiency balance of $48,845 on one unit and $41,545 on the other unit; that, following the sale of these units, Defendant remained obligated to pay the deficiency balance for a total outstanding amount of $90,390; that pursuant to Plaintiff's request, Defendant has failed to remit payment to Plaintiff; and that, therefore, Defendant has breached the Repurchase Agreement. Docs. 1, 14.[1]

The Repurchase Agreement was signed by Plaintiff's representative at Plaintiff's St. Louis location and by Defendant's representative at Defendant's California location. Pl. Ex. A.

---

[1] After Defendant filed the pending Motion, Plaintiff filed an Amended Complaint in which it addressed the issues raised in that aspect of Defendant's Motion which seeks dismissal of Plaintiff's Complaint. In regard to issues relevant to that aspect of Defendant's Motion which seeks transfer of venue, Plaintiff's Amended Complaint does not differ from the original Complaint. Plaintiff's Amended Complaint, therefore, does not moot Defendant's Motion to Transfer.

Defendant requests, pursuant to 28 U.S.C. § 1404(a),[2] that the court transfer this matter to the Central District of California. In support of its Motion to Transfer Defendant argues that the convenience of the parties favors transfer to the Central District of California; that the convenience of the witnesses, most of whom reside in the Central District of California, favors transfer to that district; that the actions underlying this case occurred in the Central District of California; that transfer would promote the interests of justice; that the operative facts of this matter occurred in California, not Missouri; that judicial economy would be served by transfer; that the evidence is located in the Central District of California; and that litigation costs weigh heavily in favor of transfer to the Central District of California.

In opposition to Defendant's Motion to Transfer, Plaintiff argues that the decision to extend financing to Southwest Coaches was made in St. Louis; that it performed its obligations pursuant to the Repurchase Agreement and the underlying finance agreements in St. Louis; that payments pursuant to the agreements were received and processed in St. Louis; and that many of Plaintiff's witnesses work in Plaintiff's St. Louis office. In support of its position Plaintiff has submitted an affidavit from its St. Louis Account Executive who authorized and administered the relevant agreements. Doc. 13-1. This affidavit states that the Account Executive coordinated possession of the collateral at issue and notified Defendant that Plaintiff had obtained possession of the collateral while he was located in Plaintiff's St. Louis office; that Defendant will call as witnesses its employees who are located in St. Louis; and that, "if necessary," Defendant will call "at least one outside witness located in St. Louis."

---

[2] 28 U.S.C. § 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In Reply to Plaintiff's opposition, Defendant argues that its defense depends upon testimony from third-party witnesses who are located in California; that Plaintiff will not be prejudiced as a result of transfer because Plaintiff's evidence will largely consist of documents; and that Plaintiff will be able to call its own employees as witnesses in another jurisdiction.

**LEGAL FRAMEWORK**

Neither party suggests that venue is not proper in this judicial district pursuant to 28 U.S.C. § 1391(a).³ Rather, pursuant to 28 U.S.C. § 1404(a), Defendant requests a change in venue to the Central District of California, in which district this matter could have been brought.

Defendant relies on a forum non conveniens theory, which would permit transfer to a more convenient forum, even though venue in this district is proper. 28 U.S.C. § 1404(a) "was drafted in accordance with the doctrine of forum non conveniens." As such, this statute permits a district court to transfer a civil action to another judicial district in which the action could have been brought if it would enhance the convenience of the parties and the witnesses and would serve in the interests of justice. Van Dusen v. Barrack, 376 U.S. 612, 634 n. 30 (1964). See also Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Considerations as to whether a case should be transferred are not limited to these factors, however, as "such [a] determination[] require[s] a *case-by-case evaluation of the particular circumstances* at hand and a consideration of

---

³ 28 U.S.C. § 1391(a) states:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

all relevant factors." Id. (emphasis added) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("[A] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.") (other citations omitted). Case-specific factors relevant to the "Balance of Convenience" may include:

> (1) the convenience of the parties, (2) the convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

Terra, 119 F.3d at 696.

Case-specific factors relevant to the "Interests of Justice" may include:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Id.

Merely shifting the inconvenience from one party to the other, however, does not justify granting a motion to transfer venue. Id. at 696-97. With these principles in mind, the court will consider the merits of Defendant's Motion to Transfer.

## DISCUSSION

As a preliminary matter, upon considering Defendant's Motion to transfer venue, the court must give considerable deference to Plaintiff's choice of forum, which is the Eastern District of Missouri. See id. at 695. Thus, in order to prevail on its Motion to Transfer, Defendant bears the burden of showing that the balance of relevant factors establishes that venue should be transferred to the Central District of California. In re Apple, Inc., 2010 WL 1526453, *3 (8th Cir. Apr. 19, 2010) ("'[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer

5

is warranted.'") (quoting Terra, 119 F.3d at 685); Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc., 244 F. Supp.2d 1015, 1022 (E.D. Mo. 2002).

Where, as in the matter under consideration, Plaintiff and Defendant are in different states, "there is no choice of forum that will avoid imposing inconvenience." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003). "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." Id. In the matter under consideration, Plaintiff's choice of forum is significant considering that Plaintiff has an office in Missouri, although it neither is incorporated nor has its principal place of business in Missouri. Because Plaintiff has an office in Missouri, the court presumes that "[P]laintiff's choice will be a convenient one." In re Apple, Inc., 2010 WL 1526453 at *3. Nonetheless, despite an arguable tie in regard to convenience of the parties, Plaintiff's choice of forum will not be treated as "dispositive." Id. at *6

The court will consider other case-specific factors relevant to consideration of Defendant's Motion to Transfer. The Repurchase Agreement, at paragraph 7, provides that the law of Rhode Island governs. Doc. 1, Ex. 1 at 2-3. Thus, the parties choice of law provision is neutral because the court in the Eastern District of Missouri and the court in the Central District of California can apply Rhode Island law equally well.

The connections between Missouri and this dispute include that Plaintiff has an office and signed the Repurchase Agreement here; that Plaintiff's Account Executive authorized and administered its financing agreements with Defendant and its dealers from Plaintiff's St. Louis office; that the dealer's financing agreements were processed in St. Louis; and that Plaintiff's Account Executive coordinated possession of the collateral at issue in St. Louis. Id. These factors weigh in favor of maintaining the case here.

In regard to where the parties entered into the Repurchase Agreement, Plaintiff signed the Repurchase Agreement in Missouri and Defendant signed it in California. Thus, the location of where the parties entered into the Agreement is also a neutral factor.

Plaintiff concedes that evidence which it will offer "will largely consist of documents." Doc. 13-1, ¶ 2. Plaintiff does not argue that it would be burdensome for it to transport documents, which are located in St. Louis, to California, either in paper format or electronically. This factor, therefore, arguably supports a transfer of venue.

It is no more significant that Defendant's witnesses might have to travel to Missouri than it is significant that Plaintiff's witnesses might have to travel to California. In regard to Plaintiff's calling witnesses who are not its employees, its Account Executive states that it will have only one such witness, "if necessary." It is significant, however, that third party witnesses who reside or are located in California will likely be involved in this matter. Thus, the location of third party witnesses weighs heavily in favor of transferring venue.

If the California witnesses are required to travel to Missouri, Defendant and/or Plaintiff will "likely incur expenses for airfare, meals and lodging," Southwest Coaches, a non party at this point, will likely incur "losses in productivity from time spent away from work" for its employees who are witnesses, and "witnesses will suffer the 'personal costs associated with being away from work, family, and community.'" In re Apple, Inc., 2010 WL 1526453 at *3 (citing In re Volkswagen, 545 F.3d 304, 317 (5th Cir. 2008)). "These costs would be significantly minimized or avoided by transfer to [Central] California." Id. As such, consideration of costs weighs in favor of transferring venue.

The operative facts relevant to the outcome of this case are more significantly related to California than they are to Missouri, as the obligations of both Plaintiff and Defendant were contingent on the actions of a third party, Southwest Coaches, which is located in California.

Additionally, Defendant argues that, as a condition precedent for Plaintiff to recover, it must have physically repossessed the goods Defendant sold to Southwest Coaches; that Plaintiff did not take actual or construction legal possession of the goods; and that, therefore, Plaintiff cannot recover. Because the goods were located in California, any repossession would have taken place in California. Although Plaintiff received payments pursuant to financing agreements in St. Louis and although these agreements were administered in St. Louis, these factors are not at the core of the dispute between the parties. Rather, the core of the parties' dispute involves Defendant's alleged extension of its repurchase obligation regarding goods which were located in California, Defendant's alleged obligation to repurchase these goods, and Plaintiff's alleged obligation to repossess these goods. Thus, the relation of the operative facts to California weighs heavily in favor of transferring venue to California. See id. at *4 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947); In re Volkswagon, 545 F.3d at 317-18).

Southwest Coaches, which is located in the Central District of California, will likely "possess[] material information" regarding Plaintiff's allegations and Defendant's defenses. In re Apple, Inc., 2010 WL 1526453 at *4. Additionally, Defendant has potential third-party claims against Southwest Coaches. Thus, the location of Southwest Coaches and its likely involvement in this lawsuit weigh heavily in favor of transferring venue to California.

In conclusion, the court finds that "the inconvenience to [Defendant and Southwest Coaches] would be significantly minimized if this case were litigated in [Central] California [and] [Plaintiff] would not face any material inconvenience by litigating in California rather than [Missouri]." Id. Additionally, the court finds that the interests of justice will be served by transferring this matter to the Central District of California. Id. Based on the above discussion of case specific factors, giving particular emphasis to Plaintiff's choice of forum, the court finds that Defendant has met its burden

to establish that the balance of convenience and the interests of justice favor transfer of this matter to the District Court for the Central District of California. See Van Dusen, 376 U.S. at 634 n. 30; In re Apple, Inc., 2010 WL 1526453 at *3-4, 6; Terra, 119 F.3d at 691, 696. The court will, therefore, grant Defendant's Motion to Transfer and will defer ruling on Defendant's Motion to Dismiss to the District Court for the Central District of California.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and Motion to Transfer Action is **GRANTED**, in part, and **DENIED**, in part; Doc. 6.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **DEFERRED,** to the District Court for the Central District of California;

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Action is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take all necessary administrative steps to transfer this case to the Federal District Court for the Central District of California.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of May, 2010.